IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD A. PERRY, | ) | |
| Plaintiff, | ) | Case No. 7:23-cv-00226 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| PULASKI COUNTY, | ) | Chief United States District Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION

Ronald A. Perry, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that he was "falsely arrested and the charge was nolle pros[sed]." Compl., ECF No. 1, at 2. He names Pulaski County as the sole defendant. Because the complaint fails to state a claim against the County, the action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).\*

### I.

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

\* Perry was given the opportunity to file an amended complaint, but he has not done so, and the time for filing an amended complaint has passed.

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II.

Perry filed suit against the County under 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "A municipality or other local government may be liable under this section if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011) (internal quotation marks omitted) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)). However, "under § 1983, local governments are responsible only for 'their own illegal acts.'" Id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). "They are not vicariously liable under § 1983 for their employees' actions." Id.

In Monell, the Supreme Court held that a municipality is subject to liability under § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury . . . ." Monell, 436 U.S. at 694. "The requirement that the allegedly unconstitutional act stems from an established municipal policy or the actions of a final policymaker ensures that the municipality is 'responsible' for the alleged violations of a plaintiff's constitutional rights." Santos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 470 (4th Cir. 2013) (quoting Pembaur, 475 U.S. at 480).

Perry's complaint is devoid of any allegations suggesting that his arrest was attributable to an official policy or custom of the county or the actions of a final policymaker. Instead, it appears that he merely seeks to hold the County liable for actions taken by members of the Pulaski County Sheriff's Office. See Compl. at 2. Because municipalities are not subject to vicarious liability under § 1983 for the actions of their employees, the complaint fails to state a claim against the County.

## III.

For the reasons stated, the court concludes that the complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: November 17, 2023

Michael F. Urbanski
Chief United States District Judge